IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PORTAL HEALTHCARE SOLUTIONS, LLC; <br><br> Serve: Portal Healthcare Solutions, LLC <br> Trinity Centre <br> 5885 Trinity Parkway, Suite 210 <br> Centreville, VA 20120 <br><br> Defendant. | Civil Action No.: 1:13-cv-917 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff The Travelers Indemnity Company of America ("Travelers"), by counsel, states as follows as its Complaint for Declaratory Judgment against Portal Healthcare Solutions ("Portal").

### I. Parties

1. Plaintiff Travelers is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Connecticut. At all relevant times hereto, Travelers was licensed to conduct the business of insurance in the Commonwealth of Virginia.

2. Upon information and belief, Defendant Portal is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business located in the Commonwealth of Virginia.

## II. Jurisdiction and Venue

3. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Travelers and the Defendants, and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III. Facts

### The Underlying Lawsuit

6. On April 18, 2013, the lawsuit styled *Dara L. Halliday, Teresa L. Green, individually and on behalf of all others similarly situated v. Glens Falls Hospital, Portal Healthcare Solutions LLC d/b/a "Portal Ascend Group", and Carpathia Hosting, Inc.*, Case No. 20131376, was filed in the State of New York Supreme Court, County of Saratoga (the "Liability Suit"). A true and accurate copy of this lawsuit is attached hereto as Exhibit A.

7. The Liability Suit alleges that for a period of four months, from November 2, 2012 to March 14, 2013, medical records of patients were accessible on the internet to unauthorized persons without any security restrictions through a server operated by Portal.

8. The Liability Suit asserts counts of Negligence – Gross Negligence, Breach of Warranties, Breach of Contract, and Injunctive Relief against all defendants.

## The Policies

9. Travelers issued the following policies of insurance to Portal as a named insured: (a) policy number I-680-7636H116-TIA-12, with a policy period from January 31, 2012 to January 31, 2013 (the "2012 Policy"); and (b) policy number I-680-7636H116-TIA-13, with a policy period from January 31, 2012 to January 31, 2014 (the "2013 Policy"). The 2012 Policy and the 2013 Policy are collectively referred to herein as the "Policies".

10. The 2012 Policy contains a Web Xtend Liability Endorsement, which includes the following insuring agreement:

> **COVERAGE B. PERSONAL INJURY, ADVERTISING INJURY AND WEB SITE INJURY LIABLITY**
>
> **1. Insuring Agreement**
>
> > a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury", "advertising injury" or "web site injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal injury", "advertising injury" or "web site injury" to which this insurance does not apply. . . .

(2012 Policy, CGD2340105, p. 1 of 5).

11. As relevant to this Complaint, the 2012 Policy contains the following definitions:

> "Advertising injury" means injury, arising out of one or more of the following offenses:
>
> > a. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a

3

person's or organization's goods, products or services, provided that claim is made or "suit" is brought by a person or organization that claims to have been slandered or libeled, or whose goods, products or services have allegedly been disparaged.

b. Oral, written or electronic publication of material that appropriates a person's likeness, unreasonably places a person in a false light or gives unreasonable publicity to a person's private life; or

c. Infringement of copyright, title or slogan, provided that claim is made or "suit" is brought by a person or organization claiming ownership of such copyright, title or slogan.

"Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offense:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is performed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises;

d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that claim is made or "suit" is brought by a person or organization that claims to have been slandered or libeled, or whose goods, products or services have allegedly been disparaged; or

e. Oral, written or electronic publication of material that appropriates a person's likeness, unreasonably places a person in a false light or gives unreasonable publicity to a person's private life.

\* \* \*

"Web site injury" means injury, other than "personal injury" or "advertising injury", arising out of one or more of the following offenses:

a. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that claim is made or "suit" is brought by a person or organization that claims to have been slandered or libeled, or whose goods, products or services have allegedly been disparaged;

b. Oral, written or electronic publication of material that appropriates a person's likeness, unreasonably places a person in a false light or gives unreasonable publicity to a person's private life;

c. Oral, written or electronic publication of material that violates a person's right of publicity, provided that claim is made or "suit" is brought by the person claiming rights of publicity; or

d. Infringement of copyright, title or slogan, provided that claim is made or "suit" is brought by a person or organization claiming ownership of such copyright, title or slogan.

(2012 Policy, CGD2340105, p. 4-5 of 5).

12. The 2013 Policy contains the following insuring agreement applicable to Coverage B Personal and Advertising Injury Liability:

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABLITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking

5

> damages for "personal or advertising injury" to which this insurance does not apply. . . .

(2013 Policy, CG00011001, p. 5 of 16).

13. The 2013 Policy contains an Amendment of Coverage B – Personal and Advertising Injury Liability Endorsement, which amends the following definitions:

> **A. AMENDMENT OF DEFINITION OF PERSONAL AND ADVERTISING INJURY**
>
> * * *
>
> "Personal and advertising injury" means "personal injury" or "advertising injury".
>
> * * *
>
> **F. ADDITIONAL DEFINITIONS**
>
> * * *
>
> "Advertising injury":
>
> a. Means injury, other than "personal injury", caused by one or more of the following offenses:
>
> (1) Oral or written publication, including publication by electronic means, of material in your "advertisement" that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged;
>
> (2) Oral or written publication, including publication by electronic means, of material in your "advertisement" that:
>
> > (a) Appropriates a person's name, voice, photograph or likeness;
> >
> > (b) Unreasonably places a person in a false light; or
> >
> > (c) Discloses information about a person's private life; or

6

(3) Infringement of copyright, "title" or "slogan" in your "advertisement", provided that the claim is made or the "suit" is brought by a person or organization that claims ownership of such copyright, "title" or "slogan".

b. Includes "bodily injury" caused by one or more of the offenses described in paragraph a. above.

* * *

"Personal injury":
a. Means injury, other than "advertising injury", arising out of one or more of the following offenses:

(1) False arrest, detention or imprisonment;

(2) Malicious prosecution;

(3) The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is committed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises;

(4) Oral or written publication, including publication by electronic means, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged; or

(5) Oral or written publication, including publication by electronic means, of material that:

(a) Appropriates a person's name, voice, photograph or likeness;

(b) Unreasonably places a person in a false light; or

(c) Discloses information about a person's private life.

      b. Includes "bodily injury" caused by one or more of the offenses described in Paragraph a. above.

(2013 Policy, CGD4710209, p. 1, 3-4 of 5).

14. Portal has provided notice of the Liability Suit to Travelers under the Policies. Travelers has agreed to provide a defense to Portal against the Liability Suit under a reservation of rights and has retained counsel to do so once service has been effected upon Portal.

### IV. Count I – Declaratory Judgment

15. An actual controversy exists between Travelers and Portal concerning whether Travelers owes Portal a duty to defend or indemnify in connection with the Liability Suit under the Policies. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

16. Travelers seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2002 that Travelers has no obligation to provide Portal with a defense or indemnity against the Liability Suit under the Policies or otherwise.

17. Travelers is entitled to this declaratory judgment:

(A) because the Liability Suit does not allege "personal injury" as that term is defined in the Policies – because the Liability Suit does not alleges any "publication of material" or "publication of material" by Portal; and/or

(B) because the Liability Suit does not allege any "advertising injury" as that term is defined in the Policies or "website injury" as that term is defined in the 2012 Policy; and/or

(C) to the extent that other provisions or exclusions of the Policies bar Travelers from having a duty to defend or indemnify Portal against the Liability Suit under the Policies.

WHEREFORE, Travelers respectfully requests that this Court:

1. Declare Travelers has no obligation to defend or indemnify Portal in connection with the Liability Suit under the Policies or otherwise; and

2. Award such other and further relief as this Court deems just and proper.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA

By: _____
Counsel

John B. Mumford, Jr. (VSB No.: 38764)
Kathryn E. Kasper (VSB No.: 74124)
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hdjn.com
kkasper@hdjn.com
Phone: (804) 967-9604
Fax: (804) 967-2411
*Counsel for The Travelers Indemnity Company of America*